**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$14,782 IN UNITED STATES CURRENCY AND 48,700 IN MEXICAN PESOS,<br><br>Defendant. | Case No. 2:13-cv-01096-RFB-PAL<br><br>**ORDER**<br><br>Plaintiff's Motion for Default Judgment (ECF No. 10) |

This case is a civil forfeiture proceeding brought by Plaintiff United States of America to obtain forfeiture of $18,483.88 in assets seized pursuant to a search warrant executed on the residence of Jose Navarro-Parra on March 14, 2012. Verified Compl. for Forfeiture *In Rem*, ECF No. 1. On May 20, 2014, Plaintiff filed a Motion for Default Judgment, which was renewed in a separate but substantially identical motion on January 7, 2015. ECF Nos. 10, 12.

On February 6, 2015, the Court held a hearing at which it observed that Plaintiff's Complaint for Forfeiture *In Rem* (ECF No. 1) appeared to be untimely. According to the Complaint, an administrative claim for the $18,483.88 in United States currency at issue in this case was filed by Maria Aguilar on July 17, 2012 with the Department of Homeland Security. Compl. ¶ 7. The Complaint was then filed on June 20, 2013—more than 90 days after the filing of the administrative claim and therefore untimely pursuant to 18 U.S.C. § 983(a)(3). However, Plaintiff submitted evidence indicating that Aguilar in fact filed her claim on March 22, 2013, and Plaintiff subsequently filed an Amended Complaint for Forfeiture *In Rem* correcting its error with respect to the administrative claim date. Sealed Court Ex. 1A to Mot. Hrg., Feb. 6, 2015, ECF No. 18; Corrected Brief re: Am. Compl. Ex. A, Feb. 10, 2015, ECF No., 20.

Based upon Plaintiff's representations to the Court as well as the evidence it submitted at

the February 6, 2015 hearing, the Court grants Plaintiff leave to file the Amended Complaint. The Court finds that the Amended Complaint relates back to the date of the original Complaint because the amended pleading—which is identical to the original pleading except for the administrative claim date—asserts a claim that arose out of the conduct, transactions and occurrences set out in the original pleading. Fed. R. Civ. P. 15(c)(1)(B). Accordingly, based upon the dates of filing of the administrative claim and the Complaint, the Court finds that Plaintiff's Amended Complaint is timely filed under 18 U.S.C. § 983(a)(3).

The Court further finds that no service of the Amended Complaint need be made upon any interested party to this proceeding. Rule 5 of Federal Rules of Civil Procedure states that "[n]o service is required on a party who is in default for failing to appear," unless the amended pleading asserts a new claim for relief against that party. Fed. R. Civ. P. 5(a)(2). Here, default was entered on May 20, 2014 as to the defendant property, Maria Aguilar, Lebia Patricia Bustillos-Gonzalez, Jose Navarro-Parra, Alberta Vasquez Rodriguez, and all other persons and entities having an interest in the defendant property. Clerk's Entry of Default, ECF No. 9. Moreover, as the Court stated on the record at the February 6, 2015 hearing, the Amended Complaint merely corrects the date the administrative claim was filed—a date to which the party who filed the administrative claim had access. Therefore, the Court finds that the Amended Complaint does not assert any new claims for relief and no service is required.

At the February 6, 2015 hearing, the Court discussed the merits of Plaintiff's Motion for Default Judgment. After consideration of Plaintiff's brief, and for the reasons stated on the record at the February 6, 2015 hearing, including the Court's discussion and consideration of the factors set forth in <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986), the Court finds it appropriate to grant default judgment against the defendant property and all persons or entities having an interest in it. Plaintiff's Motion for Default Judgment is therefore granted.

However, the Court declines Plaintiff's request to certify, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure, arrest, and forfeiture of the defendant property. Section 2465(a) states, in relevant part: "Upon the entry of a judgment *for the claimant* in any proceeding to condemn or forfeit property seized or arrested under any

provision of Federal law . . . (2) if it appears that there was reasonable cause for the seizure or arrest, the court shall cause a proper certificate thereof to be entered . . . ." (Emphasis added). Here, a default judgment is being issued against the defendant property. As this is not a judgment "for the claimant," the Court will not issue a certificate of reasonable cause at this time. See U.S. v. 4,432 Mastercases of Cigarettes, More or Less, 448 F.3d 1168, 1183 (9th Cir. 2006) (stating that "a 28 U.S.C. § 2465 certificate of reasonable cause . . . exempts federal officials from liability *after a judicial determination that the government wrongly seized property for forfeiture*") (emphasis added).

## ORDER

For the reasons stated above,

**IT IS ORDERED** that leave to file the Amended Verified Complaint for Forfeiture *In Rem* is GRANTED. The Clerk of Court shall detach and file the Amended Complaint, attached as Exhibit A to the United States' Brief Regarding Amended Complaint (ECF No. 20).

**IT IS FURTHER ORDERED** that Plaintiff United States of America's Motion for Default Judgment (ECF No. 10) is GRANTED. Default judgment is entered against: (1) the $14,782.00 in United States currency; (2) the 48,700.00 in Mexican pesos; (3) Maria Aguilar; (4) Lebia Patricia Bustillo-Gonzalez; (5) Jose Navarro-Parra; (6) Alberta Vasquez Rodriguez; and (7) all persons or entities who claim an interest in the $14,782.00 in United States currency and 48,700.00 in Mexican pesos in the above-entitled action.

**IT IS FURTHER ORDERED** that the $14,782.00 in United States currency and 48,700.00 in Mexican pesos is hereby forfeited to the United States of America, and no right, title, or interest in the property shall exist in any other party.

DATED this 29th day of April, 2015.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**